[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CUTPA
CT Page 1316-U
This action proceeded to trial based upon a substituted complaint consisting of seven counts. The first count alleged a cause of action in malicious prosecution; the second count alleged abuse of process; the third count alleged slander; the fourth count claimed negligent inflict of emotions distress; and the fifth count, intentional infliction of emotional distress. In the sixth count of the substituted complaint, the plaintiff, Kenneth Chasen, alleged that the conduct of the defendant, Blue Cross, constituted a violation of CUTPA (Connecticut Unfair Trade Practices Act); and the seventh count claimed loss of consortium on behalf of Glenda Chasen.
The trial of this matter went forward before a jury on all counts except that alleging a cause of action on the basis of a violation of CUTPA. The court withheld that count from the jury based upon the holding of the Supreme Court in AssociatedInvestment Co., Ltd. Partnership v. Williams Associates, IV,230 Conn. 148 (1994). CT Page 1316-V
The factual allegations upon which the plaintiff relies in support of his claim that the defendant's conduct violated CUTPA, are essentially those upon which he relies in connection with the other counts of the complaint, referred to above. As to those remaining counts, the jury returned a verdict in favor of the defendant. However, it is the court's opinion that an independent analysis of the evidence presented is necessary to determine whether the plaintiff has proved, by a preponderance of the evidence, that the defendant Blue Cross engaged in conduct which violated CUTPA.
The plaintiff claims that he became a participating Blue Cross provider beginning in 1983 and, thus, Blue Cross was obligated to pay him directly for services which he performed for his patients that had dental coverage for the procedure involved in such treatment. Dr. Chasen further claims that, prior to 1986, he began restoring teeth upon which he performed a root canal using a permanent composite resin filling material, rather than the traditional temporary cement, when requested to do so by a referring dentist. Additionally, Dr. Chasen began using what he CT Page 1316-W referred to as a metal "dowel" with the brand name of "Whaledent Para-post" as a retentive device as to the composite filling.
Additionally, it was the claim of Dr. Chasen that he chose the Blue Cross code which properly described the procedure and billed it properly, pursuant to those codes. The plaintiff claims there is no dispute that Blue Cross, after an investigation of Dr. Chasen's billing practices in this regard, prepared an arrest warrant affidavit which was presented to the assistant state's attorney in Meriden and, based upon that affidavit, Dr. Chasen was arrested and charged with larceny in the first degree. Those charges were eventually dismissed by the court after a monetary sum was paid by Dr. Chasen to Blue Cross.
Essentially, it is the claim of Dr. Chasen that the procedure used by him to restore endodontically restored teeth was a proper, although progressive, procedure and that his billing methods to Blue Cross were also proper. The offending conduct claimed by Dr. Chasen on the part of Blue Cross is that it caused him to be arrested without probable cause to believe that he was engaged in fraudulent billing practices and, regardless of the presence or CT Page 1316-X absence of probable cause, the primary purpose of such action on the part of Blue Cross was to recoup money from him rather than bring him to justice, and it therefore wrongfully used the Criminal Justice System.
The defendant, Blue Cross, however, claimed at trial that Dr. Chasen developed a practice of performing a procedure which he knew as not a covered procedure and therefore billed it as a different procedure in order to obtain payment, therefore directly from Blue Cross. Therefore, it was the position of Blue Cross that Dr. Chasen was engaging in a fraudulent billing practice and that, as a result of its investigation, it had probable cause to believe that Dr. Chasen had committed a crime and was therefore justified in seeking his arrest. The above issues were hotly contested and each side presented a multitude of witnesses in support of their respective claims.
Connecticut General Statutes, § 42-110b9a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110g(a) provides that: "Any person who CT Page 1316-Y suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages." Section 42-110a(4) defines "trade" and "commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state."
In determining whether a practice is "unfair", the Supreme Court has adopted the criteria set out in the "cigarette rule" by the federal trade commission:
 "(a) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or CT Page 1316-Z other established concept of unfairness; whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]".
A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215
(1990).
While a credible argument can be made, that if an entity such as Blue Cross utilized the Criminal Justice System for the primary purpose of collecting what it claims is money owed by a participating health care provider, with or without probable cause, such conduct would be an unfair trade practice within the above guidelines, this court believes that the evidence produced at trial was not sufficient for the plaintiff to satisfy his burden of proof with respect to the facts upon which he relies in making his CUTPA claim.
Based upon the testimony of the various dentists who testified in this case, the weightier evidence in the court's opinion establishes that during the relevant time period, the dental CT Page 1316-AA professional recognized a distinct difference between a "pin" and a "post". While each might have similar physical characteristics and be generically referred to as a "metal dowel", the important distinguishing feature is that use to which each is put. The testimony indicated quite clearly that a "post" goes into the canal of a non-vital tooth, whereas a "pin" may be used in either a vital or non-vital tooth and is imbedded in the dentin or tooth structure to support a restoration.
The evidence also revealed that when Blue Cross reviewed Dr. Chasen's records comparing the description of a procedure performed with the billing sheet submitted to Blue Cross, it was reasonable to conclude that the procedure that was being billed for was different than that which ad actually been performed. Since the procedure billed was a covered procedure, whereas the procedure performed was not, it was not unreasonable for Blue Cross to conclude that this was an inappropriate billing practice giving rise to probable cause that the crime of larceny had been committed.
Probable cause is more than a mere suspicion, but requires CT Page 1316-BB substantially less evidence than that required for conviction. Probable cause requires belief in facts that would warrant a person of reasonable caution to believe a crime had been committed. Statev. Patterson, 213 Conn. 708, 720 (1990). In this respect, it is significant that the assistant state's attorney signed the arrest warrant and continued the prosecution even after receiving additional information from Dr. Chasen's attorney.
Certainly, the evidence in this case would indicate that Blue Cross expected that the institution of criminal proceedings against Dr. Chasen would be of benefit insofar as the collection of money that Blue Cross felt it had paid out for procedures which were not covered. Such fact, in and of itself, does not amount to abuse of process. Mozzochi v. Beck, 204 Conn. 490, 494 (1987). The court does not believe, given the evidence with respect to the issue of probable cause as discussed above, that the plaintiff has proven by a preponderance of the evidence that the defendant's conduct in this respect was such as to constitute an unfair trade practice.
As to the allegation of slander, as alleged in the third count of the complaint, the factual basis therefore as presented at trial CT Page 1316-CC was a statement by an employee of Blue Cross, at a state dental society meeting, that Dr. Chasen had plead guilty to the charges against him. While the court agrees with the plaintiff, that the weightier evidence was that such statement had indeed been made, such an isolated event, cannot be considered to constitute an unfair trade practice within the meaning of CUTPA. Additionally, the plaintiff has not proven an "ascertainable loss of money or property" as required by § 42-110g(a) related to that occurrence alone as contrasted with the overall situation pertaining to his arrest and prosecution.
Therefore, it is the opinion of the court that the plaintiff has not proven the underlying factual basis in order to recover against Blue Cross for a violation of CUTPA. Accordingly, judgment shall enter for the defendant, Blue Cross Blue Shield of Connecticut, Inc. on the sixth count of the complaint. In light of this holding, the court does not reach the other issues raised by the parties, specifically, the applicability of the statute of limitations and whether the defendant was engaged in the conduct of trade or commerce.
Thompson, J. CT Page 1316-DD